## Thompson v. Fraley.

June 20, 1939.

R. Monroe Fields, Judge.

324

Andrew E. Auxier for appellant.

A. F. Childers for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellant, L. R. Thompson, trustee for the heirs and distributees of the estate of Henry Taylor, is appealing from a judgment for $1,574.65, with interest from January 11, 1935, in favor of the appellee W. B. Fraley, one of the heirs of Henry Taylor. Henry Taylor died intestate in 1924. J. M. Taylor was appointed to administer his estate, and he acted in that capacity until 1932, when he resigned and was succeeded by L. R. Thompson.

Henry Taylor left considerable personalty and more than 1,500 acres of land. During the period that J. M. Taylor was administering the estate most of the personalty and all of the land was divided among the 40 or more heirs. A small amount of money and some notes due the estate were turned over to the appellant when he began the administration of the estate.

Joe Taylor, one of the heirs, was indebted to Henry Taylor in the amount of $2,500. There was a mortgage on a tract of land owned by him to secure this indebtedness. J. M. Taylor brought suit to collect this indebted-

ness.  He obtained a judgment in excess of $4,000, representing the principal, interest and costs.  Shortly after Thompson began to administer the estate he sought to collect the judgment against Joe Taylor.  He had the land sold and bid in as trustee for the heirs and distributees at the price of $1,667.  Thompson then caused an execution to be issued upon another tract of land belonging to Joe Taylor for the purpose of collecting the remainder of the judgment.  When this tract was sold Thompson bid it in also as trustee for the heirs and distributees.

A deed was executed to Thompson as trustee for the beneficiaries for the first tract of land.  The beneficiaries, and also their respective interests, were listed in the deed.  In his answer Thompson alleged that he had not secured a deed to the second tract of land, because this tract was under execution prior to the sale at which he bid it in for the heirs, and was still subject to a mortgage executed by Joe Taylor to Ballard Weddington and which had not been fully satisfied.  In his reply Fraley denied that the second tract of land was subject to a mortgage executed by Joe Taylor to Weddington which had not been satisfied, or that the tract was still subject to that mortgage.

The appellee, W. B. Fraley, brought suit against J. M. Taylor, administrator, shortly after he began the administration of the estate.  As a result of this suit he secured a judgment for $3,000, in September, 1929, against the administrator for services rendered in waiting upon and caring for his uncle, Henry Taylor, during his declining years.  Three payments were made on this judgment by the administrator.  Some of the heirs also made payments on the judgment, the last payment being made in 1934.  It appears that at no time after this judgment was rendered in favor of Fraley was there sufficient money in the hands of the administrator to satisfy it.

Fraley brought his suit in 1935 against Thompson as trustee to have the two tracts of land which Thompson had bid in as trustee sold, or so much thereof as would be necessary, to satisfy the part of his judgment against the administrator which still remained unpaid.  Thompson filed a special demurrer questioning the jurisdiction of the court over the subject of the suit on the ground that Fraley had no legal capacity to sue or

maintain the suit. This demurrer, as well as a general demurrer, was overruled. Thompson then filed an answer, the first paragraph of which was a special demurrer raising the question as to the parties to the suit. This special demurrer appears not to have been passed upon before final judgment. The issues were joined after further pleadings were filed. The deposition of Thompson was taken, and upon submission of the cause the trial court ruled in favor of Fraley.

It was adjudged that Thompson took title to the two tracts of land which were sold to satisfy the judgment against Joe Taylor on his $2,500 note "as trustee, first for the benefit of the creditors of the estate of Henry Taylor, deceased, and then after the satisfaction of all debts or obligations of said estate and cost of administration the remainder is held in trust for the heirs or distributees of the said Henry Taylor, deceased." It was further adjudged that a sufficient amount of the land be sold to satisfy Fraley's judgment and the costs of this suit. Thompson prayed an appeal to this Court, which was granted.

In prosecuting this appeal he insists that the judgment should be reversed because there was a defect of parties and because the suit was barred by limitation. It is contended also that Fraley's judgment should have been satisfied from the personal assets in the hands of the administrator, and that the claim should have been filed as provided in Section 3870 of the Statutes. It is further contended that Fraley delayed unnecessarily in seeking to collect his claim.

We have reached the conclusion that appellant's contentions are not well grounded, and that the suit was properly brought against Thompson as trustee. Fraley already had a judgment against the administrator, a part of which had been satisfied by him, and a part by some of the heirs of Henry Taylor. While there was not sufficient money in the hands of the administrator to satisfy the remainder of this judgment, it appears from the record that at all times the administrator had in his hands notes due the estate in an amount more than sufficient to satisfy the balance of the judgment. There is no basis for the contention that Thompson should have been sued as administrator.

No question is raised as to Thompson's right to bid on the property which was sold to satisfy the judgment

against Joe Taylor, and, as indicated, he did not bid in the property personally, but rather bid it in as trustee for the heirs and distributees. As to the right of a personal representative to make purchases under judgments' it is said in 11 R. C. L. page 364, that:

> "It sometimes happens that a personal representative, in the course of the collection of the assets of the estate, is required to sell the land of third persons under a judgment or other process to enforce the payment of debts due the estate. At such sales the general rule is that if the representative bids in the land so sold, it is optional with the beneficiaries of the estate to permit him to hold the land for his individual benefit or to require him to account to the estate for its value."

The case of Mabary v. Dollarhide, 98 Mo. 198, 11 S. W. 611, 612, 14 Am. St. Rep. 639, is cited in support of this rule. In that case an administrator secured a judgment against a person indebted to the estate which he was administering. Land was sold under this judgment and the administrator became the purchaser, taking the deed to himself as administrator. It was contended that the administrator could not become the purchaser of real estate. The court disposed of this contention by saying: "To this we answer the title passed to him as an individual, and he held it in trust for the heirs and creditors of the estate."

Thompson could not take title to the two tracts of land in question for the benefit of the heirs to the exclusion of the rights of the creditors of the estate. Equity looks with disfavor upon an attempt to defeat the creditors of an estate, and it will not permit the conversion of personalty into realty, with the view of defeating the creditors. The trial judge correctly held that Thompson took title to the property as trustee first for the benefit of the creditors of the estate of Henry Taylor and then, after the satisfaction of all debts and obligations of the estate and the cost of administration thereof, for the benefit of the heirs and distributees.

We find no basis for the appellant's plea of limitations, nor does the record reveal that Fraley delayed unnecessarily in seeking to collect his claim. He brought suit against the administrator soon after the death of Henry Taylor in 1924. He secured a judgment against the administrator in 1929 for services rendered to Henry

Taylor during his declining years. Payments were made on this judgment by the administrator, as well as by some of the heirs, the last payment being made by an heir in 1934. This suit was filed in 1935.

There is no basis for the contention that Fraley's claim should have been satisfied from the personal assets of the estate before they were distributed to the heirs. As indicated, there was always sufficient personalty in the hands of the administrator in the form of notes due the estate to more than satisfy this claim. Nor do we think that Section 3870 of the Statutes is now applicable to the case at bar. The validity of the claim was determined in favor of Fraley against the administrator when he secured his judgment in 1929.

Reference has been made to the issue as to whether Ballard Weddington had a mortgage on Tract No. 2 which had not been satisfied. Obviously, if there was such a mortgage and it had not been satisfied at the time Thompson bid in the land as trustee, or if it has not been satisfied since that time, assuming the existence of such a mortgage, he holds it subject to the satisfaction of Weddington's claim. The trial court's direction that the land be sold to satisfy Fraley's judgment would apply, of course, only to such interest as Thompson held as trustee.

The balance of Fraley's judgment amounts to $1,574.65 with interest from January 11, 1935. The first tract of land was bid in by Thompson as trustee for $1,667. The second tract was bid in to satisfy the remainder of his judgment as administrator against Joe Taylor. It appears from the record that it will not be necessary to sell all of these two tracts to satisfy Fraley's judgment. When the estate of Henry Taylor is finally settled credit should be given those heirs for the payments made by them on Fraley's $3,000 judgment against the administrator.

Wherefore, for the reasons given herein, we think that the judgment should be, and it is, affirmed.